IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-12-467-C |
| ) | |
| ROSA AGUILAR, individually and ) | |
| d/b/a ROSITA'S BAR, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action alleging Defendant violated various federal statutes related to video piracy. Specifically, Plaintiff alleges that on May 1, 2010, Defendant broadcast a boxing match in Rosita's Bar without proper authorization. Plaintiff asserts the undisputed facts demonstrate that Defendant thereby violated 47 U.S.C. § 605 and 47 U.S.C. § 553. Defendant objects, arguing that while the program was broadcast in the bar, it was not done so willingly and in any event any damages awarded should be significantly less that those sought by Plaintiff.

Defendant has admitted that she broadcast the fight in the bar and that she did not purchase a commercial license as required by Plaintiff. Defendant has also admitted that Plaintiff had the exclusive licensing rights for the fight. Thus, it is undisputed that Defendant has violated 47 U.S.C. §§ 553 and 605 et seq. by intercepting and exhibiting a program licensed for distribution to Plaintiff without paying Plaintiff the required fees. While Defendant argues that any violation was not willful, the statutes are strict liability statutes.

See Joe Hand Promotions, Inc. v. Kinder, No. 11-CV-450-GKF-PJC, 2012 WL 5494926, *3-4 (N.D. Okla. Nov. 13, 2012):

> To establish liability under either § 553 or § 605, plaintiff must prove that defendants unlawfully exhibited, published or divulged a privileged communication and the signal transmitting that communication was delivered to the intercepting party by way of a satellite or cable transmission. It is not necessary for plaintiff to establish "willfulness" concerning the exhibition in order to establish liability.

See also 47 U.S.C. § 605(e)(3)(C)(iii); 47 U.S.C. § 553(c)(3)(C); J & J Sports Prods., Inc. v. Vega, No. CIV-10-635-M, 2011 WL 776172, *2 (W.D. Okla. March 1, 2011) (both § 553 and § 605 are strict liability statutes); J & J Sports Prods., Inc. v. Delgado, No. CIV. 2:10-2517 WBS, 2012 WL 371630 (E.D. Cal. Feb. 3, 2012) (same). Thus, the only issue left for consideration is the amount of damages to be awarded to Plaintiff. The fees that Plaintiff would have charged if Defendant had properly obtained the rights to the broadcast would be approximately $4,200.00, and Plaintiff requests the Court to award an amount in excess of that rate to serve as a deterrent to other establishments considering exhibiting pirated programs.

Pursuant to 47 U.S.C. § 553, the Court may award either actual or statutory damages. Here, Plaintiff requests the Court award statutory damages. Subparagraph (c)(3)(A)(ii), provides that up to $10,000.00 in damages may be awarded. Further, if the Court finds the broadcast was willful, § 553(c)(3)(B) authorizes an enhanced award up to an additional $50,000.00. Plaintiff requests the Court award the maximum in statutory damages or $60,000.00.

After consideration of the facts and arguments set forth in the materials submitted by the parties, the Court finds an award of damages in excess of the amount Defendant would have paid had she properly purchased the rights to broadcast the program is necessary to satisfy the intent of the above-noted statutes.  As Plaintiff notes, to merely award damages in the amount of the licensing fee would serve as an incentive for Defendant to continue to violate the law in the future.  An award in that manner would also not deter other parties from violating the law.  Accordingly, the Court finds Plaintiff shall recover $10,000.00 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii).

Turning to the issue of enhanced awards, the Court finds unpersuasive Defendant's argument that the violation was not willful.  Defendant's own admission establishes that she knew the fight was available for purchase.  Thus, Defendant was aware that some licensing existed.  That Defendant may have been unaware of the full extent of the licensing requirements or the limitations does not excuse her actions.  Further, the Court notes that this is not Defendant's first foray into the unauthorized interception of a boxing match.  On July 16, 2010, the same Defendant was sued by Plaintiff, who alleged a similar violation.  See J&J Sports Prods., Inc. v. Aguilar, et al., CIV-10-756-C.  Although that case was resolved by the parties and dismissed, the fact that similar allegations were raised by Plaintiff establishes Defendant's awareness of the relevant statutes and her obligations to obtain a proper license.  Accordingly, the Court finds the interception and exhibition were willful and for commercial purpose or private financial gain; therefore, the Court awards an additional $50,000.00 in enhanced damages.

For the reasons set forth herein, Plaintiff's Opening Motion for Summary Judgment (Dkt. No. 19) is GRANTED.  Plaintiff shall recover $10,000.00 in statutory damages and $50,000.00 in enhanced damages.  A separate judgment will issue.

IT IS SO ORDERED this 1st day of February, 2013.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge