IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROSA AGUILAR, individually and ) <br> d/b/a ROSITA'S BAR, ) <br> ) <br> Defendant. ) | Case Number CIV-12-467-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action alleging Defendant violated various federal statutes related to video piracy. On February 1, 2013, the Court entered judgment in favor of Plaintiff and against Defendant. In that Order, the Court found Plaintiff had established entitlement to judgment pursuant to 47 U.S.C. § 553. Relying on that determination, Plaintiff now seeks an award of attorneys' fees, pursuant to 47 U.S.C. § 553(c)(2)(C), in the amount of $6,928.75. Defendant agrees that Plaintiff has obtained a judgment and that the pertinent statute permits an award of attorneys' fees. However, Defendant argues that the Court should decline to award fees or in the alternative reduce the amount sought by Plaintiff.

Defendant asserts the Court should not award fees because it has no way of satisfying the judgment already entered, much less an additional attorney fee award. However, Defendant offers no authority demonstrating that ability to pay is a factor in an attorneys' fee award under § 553(c)(2)(C). Thus, the Court will not decline to enter an award on that basis. Although the statute denotes the award is discretionary, the Court has already found an award

of attorneys' fees is appropriate in this matter, and nothing asserted by Defendant changes that conclusion.

Defendant argues that in the event the Court decides to award attorneys' fees, the amount sought by Plaintiff should be reduced based on two factors. First, according to Plaintiff, the bulk of the fees sought were incurred by Plaintiff's California counsel. Defendant argues the California counsel never entered an appearance in this case and are not admitted to practice law before this Court. Defendant offers no authority supporting this as a basis to deny attorneys' fees. The Court has located cases which both support and reject Defendant's premise with no clear mandate on either side. After considering the nature of the work performed and subject to the adjustments noted below, the Court finds Plaintiff's California counsel are entitled to recover at least some of their fees.

The operative statute requires that any award of attorneys' fees be reasonable. See 47 U.S.C. § 553(c)(2)(C). The reasonableness inquiry focuses on the hourly rate charged and time spent on the work performed. As Defendant notes, Plaintiff seeks a substantially higher rate for California counsel. However, the appropriate rate is the prevailing market rate in this district. See Blum v. Stenson, 465 U.S. 886, 895 (1984). The rates for California counsel and paralegals will be adjusted accordingly. The Court must also evaluate the hours billed and make reductions where necessary to eliminate duplicate billing and/or excessive time. After consideration of these factors, the Court finds the reasonable attorneys' fee award should be $3,833.75.

For the reasons set forth herein, Plaintiff's Motion for Attorney Fees (Dkt. No. 30) is GRANTED. Plaintiff is awarded attorneys' fees against Defendant in the amount of $3,833.75.

IT IS SO ORDERED this 28th day of March, 2013.

ROBIN J. CAUTHRON
United States District Judge